**William CARR, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 2:91–CV–373.

United States District Court, D. Vermont.

Dec. 16, 1991.

Robert F. O'Neill, Gravel & Shea, Burlington, Vt., for petitioner.

Thomas D. Anderson, Asst. U.S. Atty., Burlington, Vt., for respondent.

## OPINION AND ORDER

PARKER, Chief Judge.

William Carr files this petition for a writ of habeas corpus to challenge his detention pursuant to the Certification of Extraditability and Order on Extradition signed by Magistrate Judge Jerome J. Niedermeier on November 20, 1991. *In the Matter of the Extradition of William Greer, et al.,* Misc. No. 91–90, 1991 WL 311924 (D.Vt.). The extradition proceedings followed a request by the government of Canada for the extradition of Carr and nine other individuals [1] in order to try them for violations of Canadian narcotics laws.

The factual and procedural background to this case and the applicable law are set forth in an Opinion and Order issued on this date in *Peryea v. United States,* 782 F.Supp. 937 (D.Vt.), familiarity with which is assumed. Like Peryea, petitioner was arrested in Vermont on July 30, 1991 at Canada's request. He is charged by information in Canada with the same offenses charged against Peryea.

In his application to this court for a writ of habeas corpus, petitioner challenges the magistrate's determination that probable cause exists to warrant his extradition to Canada. He claims the evidence demonstrates only that he was in the company of other extraditees at various times, but that it fails to show that he took any actions to

---

**1.** The other individuals are William Greer, Stephen Hutchins, Claire Cunningham, Joseph Desautels, James Mayo, Gary Peryea, Eugene Beaudry, Glenn Koski and George Wright. George Wright remains a fugitive. The extradition requests as to all individuals were considered jointly by Judge Niedermeier and his certification and order apply to all.

further the alleged conspiracy. Petitioner also adopts and incorporates the arguments made by the other extraditees in this matter who have sought to obtain release upon writs of habeas corpus.

Petitioner understates the quantity and incriminating nature of the evidence against him admitted at the extradition hearing. He professes, for example, that "[t]here is no evidence that Mr. Carr participated in or even attended planning or strategy meetings." That is simply wrong. Michael Johnson, arrested in Quebec on July 27, 1991, gave statements to Quebec police which are reported in the affidavit of Officer Rejean Martin. Johnson told police that in July of 1991 he spent a week at a chalet in St–Sauveur, Quebec, where he was joined by Carr and others.

> [T]his location was an initial staging area for the offloading of the hashish. After everyone arrived, they were advised as to the details of the offloading operation which was to take place somewhere on the St–Lawrence Seaway in the Province of Quebec.... Greer and Hutchins told the others about the particulars of the operation, when they would leave and what each one would be doing during the operation.

Martin Affidavit, ¶ 43(C). According to Johnson's statement as reported in the affidavit, Carr and others then relocated to a campground in Moisie, an hour's drive from Riviere-au-Tonnerre, the offloading site. Martin Affidavit, ¶ 43(D). Carr was "supposed to be" one of the drivers in the operation, but "because of the mess, nothing happened." Martin Affidavit, ¶ 44(D). During the night of July 22nd, Joseph Desautels met Carr at a rest area between the campground and the offloading site, and asked him to help at the beach as some of the barrels containing hashish had broken and "they needed extra hands." Carr did not, however, return with Desautels to assist in the operation. Martin Affidavit, ¶¶ 36(U), 44(C). Johnson also "positively identified" Carr from a photograph as being "involved with him in the importation of hashish into Canada." Martin Affidavit, ¶ 51.

Petitioner is charged in Canada with five offenses, including conspiracy to import narcotics and conspiracy to traffic in narcotics. Conspiracy has been interpreted by the courts in Canada "as meaning an agreement of two or more people to do an unlawful act." Affidavit of Randall W. Richmond, ¶ 22. The evidence adduced at the extradition hearing demonstrates probable cause to believe that petitioner engaged in the conspiracies as charged in the Canadian information, and he is therefore subject to extradition.

As to petitioner's incorporation of the arguments in the petitions of his co-extraditees, the court is today entering orders dismissing their petitions, having considered and rejected their asserted grounds for issuance of the writ.

28 U.S.C. § 2243 provides for a hearing on an application for a writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled [to the writ]." It is the view of this court that petitioner's application raises no issue that would entitle him to the writ. The petition is accordingly DENIED.

The stay of the magistrate's order, entered by Judge Albert W. Coffrin on November 25, 1991, is hereby VACATED.